# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| CASE NUMBER | 03 C 4576 | DATE | 4/8/2004 |
| CASE TITLE | In Re: Sulfuric Acid Antitrust Litigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached Memorandum Opinion and Order, the plaintiffs' motion to compel (doc. # 42) is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 49 |
| | Copy to judge/magistrate judge. | | | |
| mm | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

| | |
|---|---|
| IN RE SULFURIC ACID ANTITRUST LITIGATION | MDL DOCKET NO. 1536   APR - 9 2004 |
| This Document Relates To: | Honorable Judge David H. Coar<br>Magistrate Judge Sidney I. Schenkier |
| ALL RELATED ACTIONS | |

## MEMORANDUM OPINION AND ORDER

This case involves multi district litigation pending in this Court, in which the plaintiffs (both individually and on behalf of the class members they seek to represent) seek recovery under the federal antitrust laws for alleged anticompetitive conduct by the defendants in connection with the output and pricing of sulfuric acid. In addition to this civil litigation, there is an open federal grand jury criminal investigation into this subject, as well as proceedings in Canada involving documents sought by the grand jury. The dispute now before the Court involves the parties' disagreement concerning the extent of the defendants' obligation to identify and produce documents they have supplied to the grand jury.

As part of discovery in this case, the plaintiffs served a request for production of documents, consisting of some 66 specific requests, on defendants Norfalco, Noranda and Falconbridge (collectively, "the Noranda defendants"), and DuPont. Request No. 7 of each of the requests asked for production of:

> All documents relating to Sulfuric Acid which you have provided to, or received from, any government agency or legislative body or representative, including, but not limited to, the Federal Trade Commission, the Federal Bureau of Investigation, the United States

49

> Department of Justice, the International Trade Commission, any other law enforcement agency of any state, any grand jury, any committee of the United States Congress, any agency or representative body of any state or any other political subdivision, or any investigatory body outside the United States, including Canada's Royal Canadian Mounted Police and the Canadian Competition Bureau.

In response to Request No. 7, the defendants raised various objections, only one of which we address: the objection that this request sought production of documents in violation of the requirements of Federal Rule of Criminal Procedure 6(e). The plaintiffs argue that this objection is without merit, and have moved to compel production of documents responsive to Request No. 7 (doc. # 42).[1]

In aid of their motion, the plaintiffs have limited the scope of Request No. 7 in the following ways: (1) the plaintiffs now seek only documents that the defendants have produced to the Government in connection with the grand jury investigation, and have withdrawn any request for copies of subpoenas or other written materials from the Government to the defendants; (2) the plaintiffs seek only the documents produced by the defendants, without any explanatory indices or tables; and (3) the plaintiffs no longer ask that the defendants produce the documents in the same order as they were produced to the Government. Particularly as limited, the plaintiffs urge that

---

[1] Although DuPont specifically raised a Rule 6(e) objection in is response to the document request, the Noranda defendants did not do so (we note that these defendants did object to production of documents that were subject to the then-pending Canadian proceedings). The plaintiffs assert this omission "arguably" constitutes a waiver of this objection (Pls.' Reply Mem. at 1), but do not press the point. And, we see no reason to apply a waiver here, given that the issue was raised by a co-defendant and there is no showing of prejudicial reliance by the plaintiffs on the omission by the Noranda defendants.

The other objections raised by the defendants have been abandoned (in the case of the *Noerr-Pennington* argument), have been resolved by limitations on the request subsequently adopted by the plaintiffs (in the case of the over breadth and ambiguity objections), or need not be addressed in light of the Court's ruling on the Rule 6(e) issue (in the case of the relevance objection).

2

compliance with the request would not require disclosure of "matters occurring before the grand jury," and thus would not run afoul of Rule 6(e).

The defendants disagree. They acknowledge that the production of documents in a grand jury proceeding does not, *ipso facto*, render them immune from production in civil litigation. To the contrary, the defendants claim that they have not withheld from production any documents that are responsive to the plaintiffs' 65 other document requests merely because they may have been produced to the grand jury. However, the defendants claim that they need not produce documents that are not responsive to the other 65 requests merely because they were produced to the grand jury, and that they need not identify which of the documents that they have produced were provided to the grand jury. The defendants argue that identification and production of documents produced to the grand jury could allow the plaintiffs to discern the path of the grand jury investigation, and thus constitute "matters occurring before the grand jury" that are protected from production.

For the reasons that follow, the Court agrees that Request No. 7 seeks production of matters occurring before the grand jury within the meaning of Rule 6(e). As a result, the Court may order production of those documents only if the plaintiffs establish one of the exceptions enumerated in Rule 6(e)(3), which the plaintiffs have not attempted to do. Accordingly, the plaintiffs' motion to compel is denied.

## I.

The parties largely have cited the same case law from the Seventh Circuit and from this district concerning the limitations imposed by Rule 6(e) on the production of materials produced to or generated by grand juries. *See, e.g., In The Matter of Special March 1981 Grand Jury ("Almond Pharmacy")*, 753 F.2d 575 (7th Cir. 1985); *In Re The Special February, 1975 Grand Jury ("In Re*

3

*Baggot"*), 662 F.2d 1232 (7th Cir. 1981); *United States v. Stanford*, 589 F.2d 285 (7th Cir. 1978); *State of Illinois v. Sarbaugh*, 552 F.2d 768 (7th Cir. 1977); *In Re Caremark Int'l Sec. Lit.*, No. 94 C 4751, 1995 WL 557496 (N.D. Ill. Sept. 14, 1995); *Board of Educ. of Evanston Twp. High School Dist. No. 202 v. Admiral Heating and Ventilation, Inc.*, 513 F. Supp. 600 (N.D. Ill. 1981). Where they differ, not surprisingly, is on the interpretation to be given to certain of these decisions, and on which of them should govern the outcome of the dispute here.

### A.

We begin by noting an issue not fully addressed by the parties. Rule 6(e)(2)(B) bars certain categories of persons from disclosing a "matter occurring before the grand jury." Civil defendants who (like the defendants here) have supplied documents to a grand jury in a related criminal investigation are not specifically identified in the categories of persons subject to the Rule 6(e)(2)(B) prohibition on disclosure. None of the Seventh Circuit decisions cited by the parties directly address the issue of whether such parties may avail themselves of Rule 6(e)(2)(B) in resisting efforts to compel production of matters occurring before the grand jury.[2] And, it might be argued that unless a person from whom documents are sought is subject to Rule 6(e)(2)(B), under the express language of the rule, there is no occasion to determine whether the person is being asked to disclose grand jury material.

---

[2] The Seventh Circuit cases involved questions of production of grand jury materials by attorneys for the government, who are expressly subject to the constraints of Rule 6(e)(2)(B). *Almond Pharmacy*, 753 F.2d at 576 (production of documents by the United States Attorneys' Office to the Illinois Department of Public Aid for a Medicaid audit); *In Re Baggot*, 662 F.2d at 1233 (production of documents by the United States Attorneys' Office to the Internal Revenue Service for a civil tax audit); *Stanford*, 589 F.2d at 289-90 (production of documents by the United States Attorneys' Office to agents to use in interviewing the defendants); *Sarbaugh*, 552 F.2d at 771 (production by the Antitrust Division of the Department of Justice to State of Illinois in a civil action).

However, at least two decisions in this district have treated persons in the position of the defendants here as empowered to resist production on the ground of Rule 6(e)(2)(B). One of the decisions required production, *In Re Caremark*, and the other declined to order production, *Admiral Heating*. Both rulings were based not on whether the parties from whom production was sought were subject to Rule 6(e)(2)(B) but, instead, on the respective conclusions reached in those decisions about whether the production would disclose "matters occurring before the grand jury." We will follow suit, and – as have the parties in their briefing – focus on whether the requested production would disclose matters before the grand jury.

**B.**

Rule 6(e) protects grand jury secrecy in order to promote important institutional and private interests. *Almond Pharmacy*, 753 F.2d at 578. The institutional interests range from "not forewarning the targets of the grand jury's investigation to protecting witnesses and grand jurors from reprisals, . . . [which] are important to the grand jury's investigatory effectiveness." *Id.* The private interests include "the reputation of a person accused of wrongdoing by a witness before the grand jury." *Id.*

The Seventh Circuit has observed that the disclosure of grand jury testimony poses a higher risk of compromising these interests than does the disclosure of documents presented to the grand jury. *Sarbaugh*, 552 F.2d at 771 n.2 ("The policy of grand jury secrecy obviously had a much more limited application to the subpoenaed documents than it did to grand jury transcripts"). At the same time, the case law recognizes that the identification and production of materials supplied to the grand jury may permit discerning attorneys to learn "not only the information contained in specific documents, but the pattern of the grand jury's entire investigation." *Falstaff Brewing Corp. v.*

5

*Kessler*, 489 F. Supp. 191, 194 (E.D. Wis. 1980); *see also In Re Doe Grand Jury Proceedings*, 537 F. Supp. 1038, 1043 (D.R.I. 1982) ("an examination of all documents subpoenaed and reviewed by the grand jury can reveal a great deal about the nature, scope and purpose of a secret grand jury investigation"). Thus, the Seventh Circuit has held that documents produced to a grand jury are subject to Rule 6(e)(2)(B) unless the documents have "intrinsic value and a usefulness for other legitimate purposes and would not breach grand jury secrecy, . . ." *In Re Baggot*, 662 F.2d at 1244; *see also Almond Pharmacy*, 753 F.2d at 578 ("If a document is sought for its own sake rather than to learn what took place before the grand jury, and if its release will not seriously compromise the secrecy of the grand jury's deliberations, Rule 6(e) does not forbid its release") (citing *In Re Baggot* and *Stanford*).

The question presented here is on which side of the line drawn by the Seventh Circuit plaintiffs' Request No. 7 falls. *Admiral Heating* and *Caremark* both addressed requests for documents that the defendants in those cases had submitted to grand juries, and reached different conclusions as to whether the defendants could resist production under Rule 6(e)(2)(B).

In *Admiral Heating*, the district court found persuasive the Seventh Circuit's observation – albeit in dictum – that "[a] general request for 'all documents collected or received in connection with the investigation of antitrust violations . . .,' for example, would be in effect a disclosure of the grand jury proceedings; the documents are significant because they were before the grand jury." *Admiral Heating*, 513 F. Supp. at 604 (quoting *Stanford*, 589 F.2d at 291 n.6). In *Caremark*, the district court ruled that a general request for documents produced by a defendant to the grand jury did not present "any difficulty under Rule 6(e)," so long as the documents were not produced with any subpoenas or document indices and were not compiled in the way they were presented to the

6

grand jury. *Caremark*, 1995 WL 557496, at *3. The district court reasoned that "those documents have an existence independent of the grand jury, and most were likely prepared by Caremark in the course of its business." *Id.* This reasoning is in tension with *In Re Baggot* (not cited in *Caremark*), in which the Seventh Circuit rejected the argument that documents supplied to the grand jury automatically fall outside of Rule 6(e) merely if they "have some 'intrinsic value,' that is, they were created for purposes other than grand jury investigations." 662 F.2d at 1243. Moreover, *Caremark* did not address the *Stanford* court's criticism of general requests seeking all documents provided to the grand jury, or the case law recognizing that merely knowing what documents have been produced by a party to the grand jury may shed light on the direction of the grand jury investigation.

In light of the foregoing, we adopt the approach in *Admiral Heating*, which we believe better implements the relevant Seventh Circuit authority and the policies underlying grand jury secrecy. We have considered the plaintiffs' arguments seeking a different result, but find them unpersuasive.

*First*, the plaintiffs argue that defendants here should respond to Request No. 7 because defendants in other civil cases – including DuPont, one of the defendants here – routinely have produced without objection documents they supplied to grand juries (Pls.' Mem. at 2-3; Pls.' Reply Mem. at 1). However, the plaintiffs have not explained (and we do not see) why the fact that disclosure may have been made in other cases without objection should bind the defendants here, or preclude them from asserting their Rule 6(e) objection.

*Second*, the plaintiffs argue that *Admiral Heating* "misunderstood Rule 6(e)" and did not survive the Seventh Circuit's subsequent decision in *Almond Pharmacy* (Pls.' Mem. at 9). However, the plaintiffs never explain how *Admiral Heating* misread Rule 6(e) or is undermined by *Almond Pharmacy*, and we see no misreading or undermining. The Seventh Circuit decision in *Stanford* that

7

was critical to the *Admiral Heating* analysis was not overruled by *Almond Pharmacy*, but, instead, was cited with approval. *Almond Pharmacy*, 753 F.2d at 578. Alternatively, the plaintiffs argue that *Admiral Heating* is factually distinguishable, because there the plaintiffs sought grand jury subpoenas, transcripts, memoranda and other documents that the plaintiffs here do not seek ((Pls.' Mem. at 10). This distinction is not supported by a reading of *Admiral Heating*. There, the district court found the requests covered by Rule 6(e) because they sought documents produced to the grand jury, and commented that the requests for transcripts, subpoenas and other associated documents "*add[ed]* to the danger recognized by" *Stanford* that is created by a request seeking documents presented to the grand jury. *Admiral Heating*, 513 F. Supp. at 604 (emphasis added). The decision did not say that the request for these other materials *created* the danger.

*Third*, the plaintiffs argue that *Almond Pharmacy* advances their claim because in that case, the Seventh Circuit affirmed an order requiring the production of the requested documents (Pls. Reply Mem. at 2-3). However, the request for production at issue in that case was materially different than the one at issue here. In *Almond Pharmacy*, the Illinois Department of Public Aid ("the Department") had not broadly sought all documents that the appellants had produced to the grand jury, but instead sought discrete categories of documents. 753 F.2d at 576. Thus, the request at issue was not the type of broad, general request criticized in *Stanford*. In addition, the appeals court noted that the Department already knew that the documents it sought had been supplied to the grand jury, because the appellants themselves had revealed that information to the Department. 753 F.2d at 579. By contrast, the plaintiffs do not have information about what specific documents the defendants have produced to the grand jury, and that information would be revealed by compliance with the plaintiffs' general request.

8

*Fourth*, the plaintiffs champion the approach in *Caremark* (Pls.' Reply Mem. at 2, 7-10). But, the plaintiffs do not address the tension between *Caremark* and the Seventh Circuit's disapproving comments in *Stanford* about general requests for material supplied to the grand jury, or between *Caremark's* reliance on whether the documents in issue have "existence independent of the grand jury," 1995 WL 557496, at *3, and the rejection of that line of analysis in *In Re Baggot*, 662 F.2d at 1243.[3]

*Fifth*, the plaintiffs cite various commentators in support of their position (Pls.' Reply Mem. at 8-9). Of course, this Court is obliged to follow the precedents of this Circuit, irrespective of whether the commentators agree. That said, we note that the commentators cited by the plaintiffs are not inconsistent with the foregoing analysis. The plaintiffs cite to the *Manual for Complex Litigation (Third)*, at 101 (Federal Judicial Center 1995), for the proposition that "[c]opies of material produced to a grand jury are subject to discovery" (Pls.' Reply Mem. at 2, 9). However, that proposition is not in dispute here, as the defendants do not seek to withhold any documents responsive to the 65 other requests on the ground that they were produced to the grand jury. The issue here is whether the plaintiffs are entitled to directly seek documents merely because they were produced to the grand jury, an issue that the Manual does not address. The plaintiffs also cite Vol. 24 *Moore's Federal Practice*, § 606.06[6], at 606-95 (Matthew Bender 3d Ed. 1997), for the proposition that business records subpoenaed by a grand jury "might be disclosable without tending to compromise the grand jury's need for secrecy" (Pls. Reply Mem. at 9). That general statement

---

3  The plaintiffs also attempt to distinguish *In Re Baggot* on the ground that the appeals court there did not address a request for documents supplied to the grand jury, but dealt only with requests for a witness statement that revealed the bulk of his grand jury testimony, and a Justice Department memorandum of a witness interview (Pls.' Reply Mem. at 10). The opinion makes clear that this distinction is untenable – the request in that case also involved business records. *In Re Baggot*, 662 F.2d at 1238, 1243.

9

does not address the specific issue presented by the plaintiffs' motion, or provide any assistance in resolving that issue.

*Sixth*, the plaintiffs argue that complying with the request will not disclose anything new to the plaintiffs about the grand jury investigation, because the plaintiffs already know of its scope through other sources (Pls.' Reply Mem. at 3-6). But, knowing the scope of an investigation is not the same thing as knowing its direction and focus. Identifying the precise documents that have been produced may provide that additional information to the plaintiffs.

In sum, we believe that the analysis in *Admiral Heating* is both faithful to the relevant Seventh Circuit precedent, and will serve the needs of grand jury secrecy in this case where the grand jury investigation remains open. Based on the foregoing analysis, we find that Request No. 7 would disclose matters occurring before the grand jury.

### C.

Matters occurring before a grand jury is not in all instances exempt from disclosure. Rule 6(e)(3) sets forth a variety of circumstances in which grand jury material may be revealed. One of those exceptions is upon a court order for disclosure "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(1). Disclosure under that exception requires the party seeking disclosure to make a particularized showing of need sufficient to outweigh the interests of grand jury secrecy. *Sarbaugh*, 552 F.2d at 774.

The plaintiffs have not sought to compel production under this provision. And, one might wonder how the plaintiffs would show a need for a general request for everything given to the Government, when they have served at least 65 other (presumably) tailored requests seeking information relevant to the claims and defenses in the case. We do note that the plaintiffs have

claimed that their general request is justified on the ground that it will allow them to "pick up" remaining documents not captured by the 65 other requests (Pls.' Reply Mem. at 7). We are skeptical about the need for an omnibus request that essentially asks for production of "all relevant documents," whether it is the only request served or comes in the midst of 65 more tailored requests. But, since the plaintiffs have not moved on the ground of particularized need for the production, we make no ruling on that point.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to compel (doc. # 42) is DENIED.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: April 8, 2004**

11