## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE SULFURIC ACID | : | MDL Docket No. 1536 |
| ANTITRUST LITIGATION | : | Case No. 03 C 4576 |
| This Document Relates To: | : | Chief Judge James F. Holderman |
| | : | Magistrate Judge Jeffrey Cole |
| ALL RELATED ACTIONS | : | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF RULE 16 MOTION TO SIMPLIFY ISSUES WITH RESPECT TO THE RULE OF REASON TRIAL

On November 29, 2011, the Court held that Plaintiffs must pursue this case under the rule of reason mode of antitrust analysis. (Dkt. 766.) The Court also affirmed Judge Coar's dismissal of Plaintiffs' challenge to the zone contracts, where he expressly found that "Plaintiffs [had] eschewed rule of reason analysis." (*Id.*; *see also* Dkt. 601 at 63.) In fact, throughout the eight-year history of this litigation, Plaintiffs have consistently and unequivocally voiced their election to proceed only with a *per se* case and not develop an analysis of Defendants' conduct under the rule of reason. Based upon this election, Plaintiffs have neither the facts nor expert testimony to support a rule of reason case at trial. As recently as November 14, 2011, Plaintiffs reaffirmed their position: "Here, Plaintiffs and their experts are not proceeding on a 'rule of reason' theory in this case." (Dkt. 751 at 5.)[1] Accordingly, pursuant to Federal Rule of Civil Procedure 16(c), Defendants request that the Court find that Plaintiffs do not have evidence to proceed to trial under the rule of reason standard and/or are precluded from doing so. Further, to the extent that

---

[1] Defendants initially raised the issue of Plaintiffs' prior statements on this matter in summary form in a footnote to their memorandum in support of their previous Rule 16 motion. (Dkt. 760 at 2, n.2.) In light of the Court's November 29, 2011, ruling and its significance on this case, Defendants present this motion to provide the Court with the benefit of a more complete record.

the Court deems appropriate, Defendants request leave pursuant to Rule 16(c)(2)(E) to file a motion for summary judgment in order to dispose of the case in its entirety.

## ARGUMENT

Federal Rule of Civil Procedure 16(c) provides district courts with the authority to "formulat[e] and simplify[] the issues," "eliminat[e] frivolous claims or defenses," and "facilitat[e] in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(A) & (P). Under Rule 16, a district court can "determine whether there are any issues remaining in the case that justify proceeding to a full trial on the merits." *Chavez v. Ill. State Police*, 251 F.3d 612, 654 (7th Cir. 2001) (citation omitted). *See also Jackson Pharmacy, Inc. v. Caremark Rx, Inc.*, 385 F. Supp. 2d 740 (N.D. Ill. 2005) (finding that resolution of issues as a matter of law under Rule 16 is analogous to Rule 56 proceedings). Because Plaintiffs "have eschewed" the rule of reason mode of analysis, Plaintiffs should be prohibited from changing their long-standing position at this late date.

## I.     Plaintiffs Have Elected To Litigate This Action Solely As A *Per Se* Case.

From the outset of this eight year-old case, Plaintiffs elected to pursue their claims under the *per se* mode of antitrust analysis, and not under the rule of reason. This was a case-defining decision because, as a result, Plaintiffs have not developed the facts or expert testimony necessary to establish the requisite elements of a rule of reason case.

"The first requirement in every suit based on the Rule of Reason is market power."[2] *Menasha Corp. v. News Am. Mktg. In-Store, Inc.*, 354 F.3d 661, 663 (7th Cir. 2004).

---

[2]     *See Chi. Prof'l Sports Ltd. P'ship v. NBA,* 95 F.3d 593, 600 (7th Cir. 1996) ("Substantial market power is an indispensable ingredient of every claim under the full Rule of Reason."); *Hardy v. City Optical, Inc.,* 39 F.3d 765, 767 (7th Cir. 1994) (the "rule" is that "substantial market power is a threshold requirement of all rule of reason (as well as some per se) cases"); *Polk Bros., Inc. v. Forest City Enter., Inc.,* 776 F.2d 185, 191 (7th Cir. 1985) ("The first step in any Rule of Reason case is an assessment of market power.").

2

Accordingly, in every rule of reason case, the jury must consider the relevant product market and the relevant geographic market, along with the existence and scope of procompetitive benefits and the balancing of procompetitive effects with anticompetitive impact. *See* ABA Section on Antitrust, *Model Jury Instructions in Civil Antitrust Cases* at A-4 to A-9 (rule of reason and proof of competitive harm) (incorporating by reference C-7 to C-12 (relevant product market and substitutability) and C-13 to C-15 (relevant geographic market)); A-10 (procompetitive benefits); A-12 (balancing of procompetitive and anticompetitive effects), Ex. 1.

Plaintiffs have developed none of the evidence to prove an antitrust violation under the rule of reason standard. As early as 2005, Noranda served Plaintiffs with interrogatories requesting facts supporting Plaintiffs' contentions as to such issues as the relevant product markets and geographic markets. In response, Plaintiffs referred Noranda to the reports of its experts.[3] (*See* Pls' Amended Objections & Responses to Defs.' 1st Set of Interrogs. at pp. 5-16, 17, 22-23, 39-40, 41, Ex. 2.) But Plaintiffs' expert reports contain no rule of reason analysis. (*See* Expert Reports of Dr. McClave, Ex. 3, and Dr. Tollison, Ex. 4.) This was confirmed at the deposition of Plaintiffs' economic expert, Dr. Robert Tollison, who testified unequivocally that he had not performed a "rule of reason economic analysis with respect to any of the behavior" at issue. (*See* Tollison Dep. I at 21:7-19, Ex. 5.)[4] He further explained that he "wasn't asked to define a market in this case, and [he] didn't." (*See id.* at 44:8-9.) Additionally, Dr. Tollison did not know and had not analyzed whether there even exists, for example, a southeast U.S. market or a Midwest U.S. market for sulfuric acid. (*See id.* at 50:7-21.) And he candidly acknowledged

---

[3]    Plaintiffs also referred to its response to Interrogatory No. 1; however, nowhere in that response do Plaintiffs define the relevant product market or relevant geographic market as those terms are used in a rule of reason analysis. (*See* Pls' Amended Objections & Responses to Defs.' 1st Set of Interrogs. at pp. 5-16, Ex. 2.)

[4]    Dr. McClave was offered by Plaintiffs on the issue of damages and is not an economic expert. (*See* McClave Dep. I at 98:9-14, 298:20-299:1, Ex. 6.)

that he is "not sure that [he] did anything" to determine the sulfuric acid merchant market. (*See id.* at 51:4-8.) Not surprisingly, Judge Coar later found that "[Dr.Tollison] did not determine the geographic markets or markets at issue in this case." (*See* Summary Judgment Ruling, Dkt. 601, at 42 n.18.)[5]

Plaintiffs continued to pursue this action only as a *per se* case throughout the summary judgment stage. In its motion, Noranda argued that (1) Plaintiffs' claims should be assessed under the rule of reason and not the *per se* test as a matter of law, and (2) Plaintiffs had not established facts sufficient to avoid summary judgment under the rule of reason. (Noranda Inc.'s Memorandum of Law in Support of its Motion for Summary Judgment, Dkt. 419, at 13-14.) Plaintiffs opposed the motion, protesting that, "this is a *per se* case, not a 'rule of reason' case." (*See* Pls' Response in Opposition to Dfs'. Motions for Summary Judgment, Dkt. 510 (filed under seal), at 21.) Similarly, in responding to Falconbridge's summary judgment motion, Plaintiffs reiterated that they were pursuing this action under a *per se* theory, and not under the rule of reason: "Falconbridge repeats the argument from Noranda's brief that the 'rule of reason' supposedly applies. To the contrary, this is a *per se* case...." (*See id.* at 30.) Elsewhere in their response, Plaintiffs took umbrage with PVS's argument that they could not show the necessary

---

[5]     Expert testimony on such issues as market definition and market power are essential in rule of reason cases. *See Am. Key Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569, 1579-80 (11th Cir. 1985) (expert testimony necessary to prove relevant economic market). Numerous courts have entered judgment in favor of defendants in rule of reason cases where plaintiffs have failed to produce expert testimony on these issues, or when such testimony has been excluded as a result of *Daubert* motions. *See, e.g., Cogan v. Harford Mem'l Hosp.*, 843 F. Supp. 1013, 1020 (D. Md. 1994) ("To allow a jury to make a finding as to the geographic market, [the plaintiff] must provide the Court with expert testimony on this highly technical economic question.")

level of market power stating that, "because these are *per se* violations, market power is irrelevant." (*See id.* at 70 n.38.)[6]

Consistent with their position that only the *per se* test should apply, Plaintiffs also "offer[ed] no arguments or evidence pertaining to critical elements of the rule of reason analysis." (*See* Summary Judgment Ruling, Dkt. 601, at 42.) As a stark example, Plaintiffs conceded in response to Noranda's Rule 56.1 statement of undisputed material facts that Dr. Tollison "did not perform a rule of reason analysis of any of the conduct in this case." (*See* Pls'. Response to Defendant Noranda Inc.'s Statement of Undisputed Material Facts, Dkt. 510 (filed under seal), at 25.) They also flatly admitted that their expert "did not determine the geographic market or markets at issue." (*See id.* at 24-25.)[7]

But this is not all. Less than one month ago, after eight years of litigation and less than three months before trial, Plaintiffs unambiguously represented to the Court that they were electing to pursue this action only as a *per se* case and not under the rule of reason. "Here, Plaintiffs and their experts are not proceeding on a 'rule of reason' theory in this case." (*See*

---

[6]      In their summary judgment reply briefs, Defendants repeatedly stated their understanding, based upon Plaintiffs' brief in opposition, that Plaintiffs were only pursuing a *per se* case. *See, e.g.,* Noranda's Reply Memorandum in Support of its Motion for Summary Judgment, Dkt. 518, at 1 ("Plaintiffs have confirmed that they are litigating this case under the *per se* rule or not at all."); NorFalco's Reply Memorandum in Support of its Motion for Summary Judgment, Dkt. 527, at 1 ("[B]ecause Plaintiffs do not challenge the Joint Venture under the Rule of Reason and rest their case entirely upon the application of the *per se* rule, summary judgment as to the Joint Venture is appropriate."); *id.* at 15 ("As in *Dagher*, Plaintiffs have put all of their eggs in the '*per se*' basket."). At no point in this case did Plaintiffs contest these statements or argue that they could present facts to support a rule of reason case.

[7]      Courts have found such affirmative admissions made at the summary judgment stage to be binding at trial. *See, e.g., Fisher v. Ill. Dept. of Corrections*, 51 F. Supp. 2d 883, 884 (N.D. Ill. 1999) (holding that facts admitted for purposes of summary judgment "will continue to be so considered for the duration of the case, including the trial"); *Dawson v. New York Life Ins. Co.*, 932 F. Supp. 1509, 1513 n.2 (N.D. Ill. 1996) ("All uncontested statements of fact in either party's [summary judgment] statement are also deemed as being without substantial controversy for purposes of Rule 56(d) and shall be deemed as established for purposes of trial.")

Memorandum in Support of Pfs.' Motion to Modify the Summary Judgment Ruling to Reinstate Dfs'. Territorial Restrictions as *Per Se* Violations, Dkt. 751, at 5.)

Plaintiffs' strategic decision to pursue only a *per se* case and not a rule of reason case and repeated statements to this effect in Court filings and elsewhere are not surprising in light of the evidentiary complexity of a rule of reason case and the significantly greater burdens of proof required of plaintiffs. *See, e.g., Nw. Wholesale Stationers, Inc. v. Pac. Stationery & Printing Co.*, 472 U.S. 284, 289 (1985) (observing that proceeding under the *per se* test, "avoid[s] the 'significant costs' in 'business uncertainty and litigation efficiency' that a full-fledged rule-of-reason inquiry entails"); *Ariz. v. Maricopa Cty. Med. Soc'y*, 457 U.S. 332, 343 (1982) (noting that, under the rule of reason, "[l]itigation of the effect or purpose of a practice is often extensive and complex").[8] Consequently, plaintiffs in antitrust cases routinely elect to litigate under a *per se* theory or not at all. *See, e.g., Texaco, Inc. v. Dagher*, 547 U.S. 1, 7 n.2 (2006) ("Respondents have not put forth a rule of reason case."); *Polk Bros.*, 776 F.2d 185, 191 (7th Cir. 1985) ("Forest City has litigated the antitrust issue as one in which it prevails under the *per se* rule or not at all."); *Evans v. S. S. Kresge Co.*, 544 F.2d 1184, 1193-94 (3d Cir. 1979) (noting that plaintiff "has failed to address itself to the issue of the restraints' legality under the rule of reason"). And, in such cases, courts commonly bind the plaintiffs to their election and grant judgment in favor of the defendants, if the court finds that the rule of reason test, and not *per se* test, applies. *See Texaco*, 547 U.S. 1 (reversing appellate court and granting judgment against plaintiff); *Polk Bros.*, 776 F.2d at 191 (same); *Evans*, 544 F.2d 1184 (affirming summary judgment against plaintiff). As experienced antitrust lawyers, Plaintiffs' counsel were well aware that their claims

---

[8] The extensive (and expensive) inquiry required by the rule of reason mode of analysis is illustrated by the ABA model jury instructions and Plaintiffs' requirement to prove such elements as the relevant product market and relevant geographic markets. *See supra* at 3. By choosing to pursue only a *per se* case, Plaintiffs do not have any facts or expert testimony as to these critical elements.

could be similarly dismissed and accepted the risks of proceeding only with a *per se* case. (*See* 3/21/07 Order Granting Class Certification, Dkt. 536, at 9 (finding plaintiffs' counsel to be "experienced")).

The Seventh Circuit's decision in *Polk Brothers,* 776 F.2d 185, is instructive. There, Forest City sued Polk Brothers to invalidate an agreement to open adjoining stores and not to sell certain products offered by the other, arguing that it was a *per se* violation of the antitrust laws. The Seventh Circuit, however, found that the rule of reason governed the case and reversed the district court and granted judgment in favor of Polk Brothers on the grounds that Forest City had elected to pursue the case only as a *per se* case. As Judge Easterbrook found, "Forest City has litigated the antitrust issue as one in which it prevails under the *per se* rule or not at all. Not at all it must be." 776 F.2d at 191.

Another notable example is *Danielson Food Products, Inc. v. Poly-Clip*, 120 F. Supp. 2d 1142 (N.D. Ill. 2000). Plaintiff Danielson, a sausage manufacturer, claimed that an exclusive dealing contract between two manufacturers of sausage making machines, which prohibited the sales of their machines to plaintiff, violated the antitrust laws. Defendants filed a motion to dismiss, and Danielson argued that it had stated a claim for a *per se* violation and was not pursuing a rule of reason claim. 120 F. Supp. 2d at 1143. After assessing the challenged conduct, the court found that the rule of reason, and not the *per se* test, applied. 120 F. Supp. 2d at 1144. The court then granted the relief requested by defendants, noting that by eschewing a rule of reason case, the plaintiff had waived such a claim:

> Danielson expressly eschews the rule of reason case, and puts all its money on a *per se* theory. An express waiver by experienced counsel is binding if anything is…. Danielson might have stated a rule of reason claim under a group boycott theory, but it expressly disavows this approach. Asking for *per se* or nothing, Danielson gets nothing.

120 F. Supp. 2d at 144-45 (citations omitted). *See also Nova Designs, Inc. v. Scuba Retailers Ass'n*, 202 F.3d 1088, 1090-91 (9th Cir. 2000) (affirming district court's finding that plaintiff waived any claim under the rule of reason by asserting only a *per se* claim during summary judgment); *USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1286 (9th Cir. 1994) (same).

Here too, Plaintiffs have unequivocally waived the rule of reason case and have chosen to conduct this litigation accordingly. Now that the Court has determined that the rule of reason should apply, Plaintiffs must lie in the bed that they made, and the Court should find that Plaintiffs do not have evidence to support a rule of reason case at trial and/or are precluded from doing so.[9]

## II.   The Court Has Already Found That Plaintiffs Have Waived The Rule Of Reason Case, And The Law Of The Case Doctrine Should Control.

The Court has already found that Plaintiffs waived any opportunity to proceed under the rule of reason as a matter of law. After considering the arguments advanced by the parties at summary judgment, Judge Coar held:

> Claims under § 1 of the Sherman Act are generally evaluated under the rule of reason, unless the challenged action falls into the narrow category of *per se*

---

[9]      Additionally, Plaintiffs' unequivocal statement that "[they] and their experts are not proceeding on a 'rule of reason' theory in this case" (*see* Dkt. 751, at 5), as well as the numerous statements made in their summary judgment briefs, constitute judicial admissions precluding Plaintiffs from adopting an inconsistent position at trial. A judicial admission is a "deliberate, clear and unequivocal statement, either written oral, made in the course of judicial proceedings … that is binding upon the party making it." *Chow v. Aegis Mortgage Corp.*, 185 F. Supp. 2d 914, 915 (N.D. Ill. 2002) (citing *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 106 F.3d 1388, 1404 (7th Cir. 1997), and *Keller v. United States*, 58 F.3d 1194, 1199 (7th Cir. 1995)). Statements made by counsel in a brief qualify for treatment as judicial admissions. *See United States v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir. 1980). *See also Sears, Roebuck and Co. v. Tyco Fire Prod. LP*, Case No. 08 C 2838, 2011 WL 2516516, at *4-5 (N.D. Ill. Jun. 23, 2011) (granting summary judgment based upon judicial admissions made in summary judgment brief); *Chow*, 185 F. Supp. 2d 914 (dismissing claim based upon judicial admission in brief); *United States v. Bentson*, 947 F.2d 1353, 1356 (8th Cir. 1991) (finding statements by counsel at oral argument to constitute judicial admissions). Plaintiffs concede that they do not have expert evidence to prove a rule of reason case. Indeed, this is exactly what Plaintiffs admitted at summary judgment, and their economic expert admitted at his deposition. For this independent reason, Plaintiffs should not be permitted to try to establish a brand new rule of reason analysis at trial.

violations. However, Plaintiffs adamantly insist that the rule of reason should not be applied in the instant case. Instead, Plaintiffs dedicate their briefs to showing that Defendants' activities were illegal *per se.* **Consistent with this position, Plaintiffs offer no arguments or evidence pertaining to critical elements of rule of reason analysis.** They do not, for instance, discuss the anticompetitive effects of the challenged practices, or whether Defendants possessed the market power to substantially restrain competition. **Since Plaintiffs have waived the argument,** the Court need not consider whether a factual dispute exists as to the prevailing parties under the rule of reason.

(*See* Summary Judgment Ruling, Dkt. 601, at 42 (emphasis added)).

The Court later reiterated its finding that Plaintiffs had waived any case under the rule of reason when granting Defendants' summary judgment motion with respect to the zone contracts, which the Court found were governed by the rule of reason as a matter of law. "Since **Plaintiffs have eschewed rule of reason analysis**, summary judgment on this issue [*i.e.,* the zone contracts] … must be granted." (*See* Summary Judgment Ruling, Dkt. 601, at 63 (emphasis added)). On November 29, 2011, the Court affirmed this ruling, and rejected Plaintiffs' motion to reconsider.[10]

The Court's prior finding should control under the "law of the case" doctrine. *See Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 902 (7th Cir. 2010) (finding that, when a case is transferred from one district judge to another, "[t]he successor judge should depart from the transferor judge's decision only 'if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it") (citations omitted); *Rosenberg v. CNA Fin. Corp.*, Case No. 04 C 8219, 2007 WL 2126085, at *11 (N.D. Ill. Jul. 23, 2007) (finding that "a court should only revisit prior decisions in 'extraordinary circumstances such as where the initial decision was clearly

---

[10]     Of course, had Judge Coar decided in September 24, 2010, that the rule of reason governed all of Plaintiffs' claims in this case (as this Court did on November 29, 2011), it is apparent from his rulings with respect to the zone contracts that he would have granted summary judgment to Defendants with respect to the remaining conduct. Now that the Court has determined that the rule of reason applies to the remainder of the challenged conduct, the same result should apply.

erroneous or would work a manifest injustice'") (citations omitted). Accordingly, in light of the Court's prior holding, Plaintiffs should not be permitted now to attempt to present at trial a rule of reason case that they had previously abandoned.

### III. Under Rule 16(c)(2)(E), The Court Has The Authority To Allow Defendants To File A Motion For Summary Judgment On These Issues.

Rule 16(c)(2)(E) authorizes the Court to "determin[e] the appropriateness and timing of summary adjudication under Rule 56." Judgment in favor of Defendants would be appropriate in lieu of trial in light of (1) Plaintiffs' waiver of any case under the rule of reason, and the Court's prior finding to this effect, and (2) Plaintiffs' inability to present evidence upon which a reasonable jury could find for Plaintiffs under the rule of reason standard. Should the Court determine that it would be helpful for Defendants to frame this issue in the context of Rule 56, Defendants respectfully request leave to file a summary judgment motion with regard to Plaintiffs' remaining claims.

### CONCLUSION

Throughout this case, Plaintiffs have consistently and unequivocally stated that they were pursuing a *per se* case and not proceeding under the rule of reason mode of analysis, and the parties have developed their fact and expert record accordingly. This Court, however, has now held that the rule of reason standard will govern the challenged conduct at trial. Defendants, therefore, respectfully request under Rule 16(c) that the Court find that Plaintiffs do not have evidence to present a rule of reason case at trial and/or are precluded from doing so. Additionally, to the extent that the Court deems appropriate, Defendants request leave pursuant to Rule 16(c)(2)(E) to file a motion for summary judgment as to Plaintiffs' remaining claims.

Dated: December 8, 2011          Respectfully submitted,


/s/ David C. Gustman
David C. Gustman
Jeffery M. Cross
John Z. Lee
Jill C. Anderson
FREEBORN & PETERS LLP
311 S. Wacker Drive, Ste. 3000
Chicago, Illinois 60606
Telephone: 312-360-6000
Fax:      312-360-6597

**Counsel for Noranda Inc., Falconbridge Limited, and NorFalco LLC, and on behalf of Defendants Koch Sulfur Products Company, Koch Sulfur Products Company LLC, Intertrade Holdings, Inc. and Pressure Vessel Services, Inc. for this limited purpose only.**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record via the Northern District of Illinois, Eastern Division, ECF filing system, this 8th day of December, 2011.

/s/ David C. Gustman
Attorney for Noranda, Inc., Falconbridge
Limited and NorFalco LLC