IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re SULFURIC ACID ANTITRUST )
LITIGATION )
                )    No. 03 C 4576
                )    MDL 1536
This Document Relates to: )
ALL RELATED ACTIONS )

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

  On March 21, 2007, District Judge David H. Coar, who was then presiding in this case, granted Plaintiffs' motion for class certification in this multi-district antitrust litigation. More than four years later, on June 7, 2011, after Judge Coar's December 31, 2010 retirement and the May 18, 2011 reassignment of this case, defendants Noranda, Inc., Falconbridge Limited, and NorFalco LLC (collectively "Noranda") and defendants Intertrade Holdings Inc., Pressure Vessel Services, Inc., Koch Sulfur Products Company, and Koch Sulfur Products Company, LLC (collectively "Koch") filed "Defendants' Motion to Decertify" (Dkt. No. 641), now pending before this court.

  Noranda and Koch (together "Defendants") argue that decertification is warranted in light of "significant developments in Rule 23 jurisprudence," changes in the expert testimony relied on by Plaintiffs, and additional discovery undertaken since the entry of Judge Coar's March 2007 class certification order. For the reasons set forth below, Defendants' motion (Dkt. No. 641) is denied.

## JUDGE COAR'S MARCH 21, 2007 OPINION

1

The class certified by Judge Coar on March 21, 2007, was proposed by Plaintiffs' counsel and certified as follows:

> All persons (excluding federal, state, and local governmental entities and political subdivisions, the Defendants, and their respective parents, subsidiaries and affiliates) who purchased sulfuric acid in the United States directly from one or more of the Defendants or their parents, subsidiaries, affiliates, or joint ventures during the period January 1, 1988 through January 16, 2003.

(Dkt. No. 536 ("Certification Order") at 2.)

In analyzing Plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23, Judge Coar first found that Plaintiffs had satisfied the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. (*Id.* at 3-9.) Defendants do not take issue with Judge Coar's findings, and this court need not further discuss the details of Judge Coar's reasoning on these points.

Judge Coar next analyzed whether Plaintiffs had demonstrated "that common questions of law or fact predominate over individual questions" under Rule 23(b)(3). (*Id.* at 9.) Noting that "questions of impact and damages revolv[ing] around individual determinations" had the potential to "move this case beyond the scope of permissible certification under Rule 23(b)(3)," Judge Coar determined that, at the class certification stage, "Plaintiffs need only establish that they have 'realistic methodologies for establishing damages on a classwide basis.'" (*Id.* at 10-11 (quoting *In re Brand Name Prescription Drugs Antitrust Litig.*, 94 C 897, MDL 997, 1994 WL 663590, at *5 (N.D. Ill. 1994)) (Kocoras, J.).)[1] Specifically, Judge Coar required Plaintiffs to

---

[1] Judge Coar acknowledged that "courts have generally refused to let the difficulty of damages determinations stand in the way of class certification." (Certification Order 12 (citations omitted).) At the same time, however, Judge Coar recognized "it is nonetheless possible that determining the *existence* of damage for all members might defy class-wide proof." (Certification Order 12 (emphasis in original).)

2

make "a threshold showing that what proof they will offer will be sufficiently generalized in nature" to warrant class treatment. (*Id.* at 15 (quoting *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 319 (E.D. Mich. 2000)).)

Judge Coar recognized that the parties' respective experts, Dr. Martin Asher testifying for Plaintiffs and Dr. Lauren Stiroh testifying for Defendants, disagreed on a number of factors relevant to the determination of class-wide damages, including the fungibility of sulfuric acid of different strengths across different geographic regions and "the conformity of the price changes across types and regions." (*Id.* at 15.) Judge Coar declined, however, to engage in a "battle of the experts" at the class certification stage, stating "this is not the right time . . . to launch into an extensive analysis of the facts or weighing of the merits." (*Id.*) Relying on "Dr. Asher's testimony, the likelihood that sulfuric acid can be treated as a fungible good, preliminary evidence that Defendants approached the market as one that was national in scope, and the possibility for adjusting the class mechanism in the future," Judge Coar found that Plaintiffs had made a "threshold showing" that they would be able to establish injury on a class-wide basis, thus satisfying the predominance requirement of Rule 23(b)(3). (*Id.* at 15-16.) Judge Coar also explicitly retained the ability to alter or amend the class certification order "should regional variations make the class untenable as defined." (*Id.* at 17 (citing Fed. R. Civ. P. 23(c)(1)(C).) Finally, Judge Coar found "provisionally" that "class certification presents the most efficient means of adjudicating the controversy," as required by Rule 23(b)(3). (*Id.*)

## RELEVANT PROCEDURAL HISTORY

The class certification motion granted by Judge Coar on March 23, 2007, was initially

3

filed by Plaintiffs on May 5, 2004, including Dr. Asher's 12-page expert report. (Dkt. No. 659 ("Defs.' Mem.") at 6-7; *see also* Dkt. Nos. 55-57.) During the course of subsequent pretrial discovery, however, Plaintiffs additionally identified two different individuals as their testifying experts: Dr. James McClave and Dr. Robert Tollison. (*Id.*)[2] After Judge Coar issued his March 21, 2007 order granting class certification, Defendants filed a motion to reconsider arguing that Plaintiffs had abandoned Dr. Asher as an expert witness. (*Id.*; *see also* Dkt. No. 537.) Judge Coar summarily denied Defendants' motion to reconsider without elaboration. (*Id.*; *see* Defs.' Ex. 4 ("4/11/2007 Tr.") at 3-4.)

Three and one-half years later, on September 24, 2010, Judge Coar granted in part and denied in part Defendants' motions for summary judgment. (Dkt. No. 601.) Defendants attempted to appeal portions of Judge Coar's Setpember 24, 2010 ruling, but the Seventh Circuit dismissed the interlocutory appeal for lack of jurisdiction on June 10, 2011. (Dkt. No. 674.)

As stated earlier, Judge Coar retired from the federal bench effective December 31, 2010, and the United States Judicial Panel on Multidistrict Litigation reassigned this case to this court's calendar on May 18, 2011. Also as stated earlier, Defendants filed their pending motion to decertify (Dkt. No. 641) on June 7, 2011.

LEGAL STANDARD

Under Rule 23, "[a]n order that grants or denies class certification may be altered or

---

[2] Plaintiffs' designation of Dr. McClave and Dr. Tollison took place on October 28, 2005. (Defs.' Mem. 7.) On May 22, 2006, Defendants filed *Daubert* motions challenging the expert opinions of both Dr. McClave and Dr. Tollison. (Defs.' Mem. at 7; *see also* Dkt. Nos. 350, 353, 356.) These motions remain pending before Magistrate Judge Jeffrey Cole.

4

amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); *see also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 896 (7th Cir. 1981) ("If the certification of the class is later deemed to be improvident, the court may decertify, subclassify, alter the certification, or permit intervention.") (internal citations omitted).

On the other hand, "law-of-the-case principles are applicable when a case is transferred to a new judge midway through litigation." *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 902 (7th Cir. 2010). Under these principles, "[t]he successor judge should depart from the transferor judge's decision only 'if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it.'" *Id.* (quoting *HK Sys., Inc. v. Eaton Corp.*, 553 F.3d 1086, 1089 (7th Cir. 2009)).

ANALYSIS

It is clear that Judge Coar was open to revisiting the class certification question under appropriate circumstances. Judge Coar's holding explicitly depended, in part, on "the possibility for adjusting the class mechanism in the future," and Judge Coar repeatedly suggested that "altering or amending the class" was an appropriate means of addressing "complications that arise while moving forward." (Certification Order 16-17.)

As noted by Plaintiffs, however, the issues of law and fact raised by Defendants in their motion to decertify already existed at the time of Judge Coar's March 2007 order. For example, although Defendants argue that new Seventh Circuit case law "now demand[s] a more rigorous analysis of the requirements of Rule 23," (Defs.' Mem. 8 (citing *American Honda Motor Co. v.*

5

*Allen*, 600 F.3d 813 (7th Cir. 2010))), the Seventh Circuit long ago made clear that district judges must resolve competing expert opinions where relevant to Rule 23 class certification:

> A district judge may not duck hard questions by observing that each side has some support, or that considerations relevant to class certification also may affect the decision on the merits. Tough questions must be faced and squarely decided, if necessary by holding evidentiary hearings and choosing between competing perspectives.

*West v. Prudential Securities, Inc.*, 282 F.3d 935, 938 (7th Cir. 2002).[3] In fact, Defendants quoted this very passage from *West* in their briefing before Judge Coar. (Dkt. No. 76 at 10.) Likewise, immediately after Judge Coar's ruling Defendants alerted Judge Coar to the fact that Plaintiffs had "abandoned" Dr. Asher. (Dkt. No. 537 ¶ 7.) Judge Coar declined to revisit his class certification order at that time. Despite being aware of these potential problems with Judge Coar's ruling, Defendants did not seek to obtain appellate review under Federal Rule of Civil Procedure 12(f).

Having reviewed Judge Coar's class certification order and the arguments now before this court, the court is not left with a strong conviction that Judge Coar's approach to the class certification issue in this case was wrong. Despite his stated refusal to "engage in a 'battle of the experts,'" (Certification Order 15), Judge Coar nevertheless resolved the competing expert opinions in this case in favor of Plaintiffs. On the question of whether it is possible to prove a class-wide injury to the sulfuric acid market as a whole, Judge Coar accepted Dr. Asher's expert

---

[3] *West* is distinguishable from *American Honda*, insofar as the court in *West* began with the assumption that the plaintiffs had hired a "competent expert." 282 F.3d at 938. *American Honda*, by contrast, addresses "whether a district court must resolve a *Daubert* challenge" to an expert's qualifications "prior to ruling on class certification." *American Honda*, 600 F.3d at 815. Because Defendants did not challenge Dr. Asher's testimony under *Daubert*, the factual basis present in the 2010 *American Honda* decision is not present in Judge Coar's March 21, 2007 class certification order.

opinion in the affirmative:

> Even if Dr. Stiroh's interpretation of the sulfuric acid market is correct and each consumer transaction is negotiated according to a unique set of conditions, it is nonetheless possible for the Plaintiffs to establish that the starting point for such negotiations was set artificially high by the conspiracy.

(Certification Order 15.) Noting that "the predominant issue remains the conspiracy itself," Judge Coar concluded that class certification under Rule 23(b)(3) was appropriate in this case. (*Id.* at 16.) While Judge Coar's use of the term "threshold showing" is, perhaps, unfortunate, this court understands Judge Coar to have used this term only to emphasize that Plaintiffs would eventually need to prove to the satisfaction of a jury that "all putative class members suffered an injury and that the injury resulted from anti-competitive harms to the market as a whole." (*Id.* at 13.)

This court is also convinced that rescinding Judge Coar's certification order at this stage of the litigation would cause undue harm to Plaintiffs. Defendants have had multiple opportunities before Judge Coar or before the Seventh Circuit to raise the issues they now have advocated to this court. To seek decertification more than four years after Judge Coar's class certification order with arguments that either were presented, or could have been presented, to Judge Coar prior to March 21, 2007, when he issued that ruling, is unwarranted and inappropriate. The trial in this eight-year-old case is set to begin in just over two months and is poised to be tried as a class action. Reconsideration of Judge Coar's certification order would undeniably delay the resolution of Plaintiffs' claims at that trial.

To the extent Defendants take issue with Plaintiffs' reliance on Dr. McClave's expert opinion in support of class certification, the court has not considered Dr. McClave's opinion in that regard. If Plaintiffs seek to introduce Dr. McClave's opinion through his testimony at the

7

trial, the court will consider Magistrate Judge Cole's rulings on the *Daubert* motions pending before him.

## CONCLUSION

For the reasons set forth above, Defendants' "Motion to Decertify" (Dkt. No. 641) is denied. All pending dates remain as previously scheduled by this court. (Dkt. Nos. 662, 678.) The parties are strongly encouraged to discuss settlement.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: December 12, 2011