IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re SULFURIC ACID ANTITRUST LITIGATION ) ) ) ) ) This Document Relates to: ) ALL RELATED ACTIONS ) | No. 03 C 4576 MDL 1536 |

ORDER OF FINAL JUDGMENT

1.  Plaintiffs have filed suit on behalf of a class of sulfuric acid consumers against producers of sulfuric acid for violations of the Sherman Act, 15 U.S.C. § 1 *et seq*.

2.  Plaintiffs' cases were transferred to the Northern District of Illinois by the Judicial Panel on Multidistrict Litigation on July 1, 2003, where they were assigned to the calendar of then District Judge David H. Coar.

3.  A Third Amended Consolidated Class Action Complaint was filed by plaintiffs on April 11, 2006. (Dkt. 327.)

4.  On March 21, 2007, the Court granted plaintiffs' motion to certify a class. (Dkt. 536.) The class proposed by plaintiffs' counsel and certified by the Court is as follows:

> All persons (excluding federal, state, and local governmental entities and political subdivisions, the Defendants, and their respective parents, subsidiaries and affiliates) who purchased sulfuric acid in the United States directly from one or more of the Defendants or their parents, subsidiaries, affiliates or joint ventures during the period January 1, 1988 through January 16, 2003.

(Dkt. 536 at 2.)

5.  On September 24, 2010, the Court adjudicated the then-pending summary judgment motions, granting them in part and denying them in part. (Dkt. 601.) In its September 24, 2010 opinion, the Court stated that plaintiffs had eschewed the Rule of Reason method of analysis with respect to their claims under § 1 of the Sherman Act. (Dkt. 601 at 63, 42, and 42 n.18.)

6. After the retirement of District Judge David H. Coar on December 31, 2010, the Judicial Panel on Multidistrict Litigation reassigned this case to this Court's calendar on May 18, 2011. Upon plaintiffs' explicit waiver of their right under 28 U.S.C. § 1407(a) to remand (Dkt. 620), this Court found that venue is appropriate in the Northern District of Illinois under 28 U.S.C. § 1391(b)(3). (Dkt. 662.)

7. On June 14, 2011, this Court, with the agreement of counsel, ordered that the consolidated case would not be remanded at the conclusion of pretrial proceedings, and set the jury trial to commence February 13, 2012. (Dkt. 652, 662.)

8. On November 29, 2011, this Court granted defendants' motion (Dkt. 759) regarding whether the Rule of Reason or the *per se* rule should apply at trial, holding that "this case is a case in which the 'rule of reason' analysis should be the analysis presented to a jury for its determination in connection with the conduct that is alleged to have been wrongful." (11/29/2011 Hr'g Tr. 8:5-9; *see also* Dkt. 766.)

9. Plaintiffs sought interlocutory appeal of the Court's November 29, 2011 ruling pursuant to 28 U.S.C. § 1292(b), which the Court denied on December 13, 2011. (Dkt. 788.)

10. On December 12, 2011, this Court denied defendants' motion to decertify the class. (Dkt. 786.)

11. At the hearing on December 13, 2011, plaintiffs agreed with the Court's statement that they had decided to proceed with a *per se* approach to the case, and not to proceed under the Rule of Reason, shortly after they filed the complaint. (12/13/2011 Hr'g Tr. 20-21.) Plaintiffs also stated that, in view of the denial of their motion for interlocutory appeal, entry of judgment in favor of defendants is appropriate. (*Id.* at 18.) Under the Court's ruling that the Rule of Reason will apply at trial as to all claims and issues, plaintiffs concede that they cannot prevail

on the claims asserted in this case. (*Id.* at 14.) In view of the foregoing, the Court determines that entry of judgment against plaintiffs and in favor of defendants is appropriate.

12. Final Judgment with prejudice is entered against the plaintiffs and the plaintiff class in favor of the following defendants:

>Noranda Inc.
>Falconbridge Limited
>NorFalco LLC
>Koch Sulfur Products Company
>Koch Sulfur Products Company LLC
>Pressure Vessel Services, Inc.
>PVS Chemicals, Inc. (Ohio)
>PVS Nolwood, Inc.
>PVS Chemical Solutions, Inc.
>Boliden Intertrade Holdings, Inc.
>Intertrade Holdings, Inc.

13. Final judgment with prejudice is entered against named-plaintiffs Ohio Chemical Services, Inc.; Independent Chemical Corporation; National Alum Corporation; Producers Chemical Co.; Old Bridge Chemicals, Inc.; and AG RX; and against all members of the litigation class as certified by the Court on March 21, 2007 (Dkt. 536) who did not file timely notices to opt-out.

14. The parties preserve all rights to appeal this Final Judgment and all interlocutory rulings and orders that are deemed subsumed in the Final Judgment.

15. Costs will be awarded to the defendants as the prevailing parties pursuant to Fed. R. Civ. P. 54(d)(1).

           ENTER:

           */s/ James F. Holderman*
           JAMES F. HOLDERMAN
           Chief Judge, United States District Court

Date: December 22, 2011