**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE SULFURIC ACID ANTITRUST LITIGATION** | ) ) ) | MDL Docket No. 1536 Case No. 03 C 4576 |
| **This Document Relates To:** | ) ) | Honorable Judge James F. Holderman Magistrate Judge Jeffrey Cole |
| **ALL RELATED ACTIONS** | ) ) ) | |

**ORDER FOR PRELIMINARY APPROVAL OF
PROPOSED SETTLEMENT WITH THE PVS DEFENDANTS
AND FOR AUTHORIZATION TO DISSEMINATE NOTICE**

It is hereby ORDERED AND DECREED as follows:

1. The Motion for Preliminary Approval of Proposed Settlement between Class Plaintiffs and the PVS Defendants Pressure Vessel Services, Inc., PVS Chemicals, Inc. (Ohio), PVS Nolwood, Inc. and PVS Chemical Solutions (hereafter "PVS Defendants") and for Authorization to Disseminate Forms of Notice is hereby GRANTED.

2. The Court finds that the proposed settlement with the PVS Defendants, as set forth in the Settlement Agreement with Class Plaintiffs, and subject to final determination following a hearing after notice to Members of the Class, is sufficiently fair, reasonable and adequate to authorize dissemination of notice of the proposed settlement to the Class.

3. "Sulfuric Acid," as defined in the Settlement Agreement, is non-fuming sulfuric acid (Chemical Formula: $H_2SO_4$) which is, for illustration purposes (although not exclusively), commonly sold at strengths of 93% and 98%. For purposes of the Settlement Agreement, Sulfuric Acid does not include spent regenerated or Florida fertilizer sulfuric acid.

4. The Court approves the establishment of the escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to I.R.C. § 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may

arise in connection with the formation and/or administration of the QSF. Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for payment of taxes and related expenses.

5. The litigation against the PVS Defendants is stayed except as required by the Settlement Agreement in order to implement the same.

### NOTICE

6. The proposed Notice to Class Members is approved. The Court finds that the mailing and publication of the Notices, in the manner set forth in Paragraph 7 below, constitutes the best notice practicable under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

7. The Notice shall be mailed by First-Class Mail, postage prepaid, within seven (7) days of entry of this Order to all Members of the Class.

8. In addition, pursuant to the Settlement Agreement, an electronic copy shall be maintained on the website of the Claims Administrator.

9. Within ten (10) days before the hearing on final approval of this settlement, Class Counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for the PVS Defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice was made, showing that the mailing was made in accordance with this Order. The Claims Administrator, who shall be retained by Class Counsel, shall maintain accurate records of the individual customers to which Notice was sent by First-Class Mail, and accurate records of any mailed Notices that were returned to the Claims Administrator as undeliverable.

### OBJECTIONS TO SETTLEMENT

10. Any objections to the proposed settlement of the litigation between Class Plaintiffs and the PVS Defendants must be filed with the Clerk of Court and served on both

Class Counsel and Counsel for the PVS Defendants within forty-five (45) days of the entry of this Order.

11. Notices were individually mailed to Class Members in September 2006 relating to the DuPont settlement, and again in July 2007, following the class certification Order. Both of these notices provided Class Members with the opportunity to exclude themselves from the Class. The current Class Notice does not require a further opportunity for exclusion.

### PAYMENT OF COSTS AND EXPENSES

12. The Court approves the use of up to $50,000 from the Settlement Fund for reasonable expenses associated with the preparation, printing and mailing of the Notice as required by Paragraph 7, *supra.*

### FINAL APPROVAL

13. The Court will hold a hearing (the "Hearing") on _____**2012**, at \_\_\_\_\_ **a.m./p.m.**, at the Everett McKinley Dirksen Building, 14th Floor, 219 South Dearborn Street, Chicago, IL 60604, to determine the fairness, reasonableness and adequacy of the proposed settlement with the PVS Defendants and to determine whether the proposed settlement is fair, reasonable and adequate and should be approved by the Court. Any Class Member who follows the procedure set forth in the Notice may appear and be heard at this hearing. The Hearing may be continued without further notice to the Settlement Class.

14. All papers in support of final approval of the settlement, and in support of Plaintiffs' request for partial reimbursement of costs and expenses, are to be filed at least ten (10) days prior to the date of the Hearing on final approval of the settlement.

This _____ day of _____, 2012

                                                    _____
                                                    JAMES F. HOLDERMAN
                                                    Chief Judge, United States District Court