UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE SULFURIC ACID ANTITRUST LITIGATION | ) ) ) | MDL Docket No. 1536 Case No. 03 C 4576 |
| This Document Relates To: | ) ) ) | Judge James F. Holderman Magistrate Judge Jeffrey Cole |
| ALL RELATED ACTIONS | ) ) | |

**ORDER PRELIMINARILY APPROVING THE
PROPOSED SETTLEMENT WITH THE PVS DEFENDANTS
AND AUTHORIZING DISSEMINATION OF NOTICE AND CLAIM FORM**

In consideration of Plaintiffs' motion for preliminary approval, it is hereby ORDERED AND DECREED as follows:

1. The Motion for Preliminary Approval of Proposed Settlement Between Class Plaintiffs and the PVS Defendants (Pressure Vessel Services, Inc., PVS Chemicals, Inc. (Ohio), PVS Nolwood, Inc. and PVS Chemical Solutions)(hereafter "PVS Defendants") and for Authorization to Disseminate Notice and Claim Form is hereby GRANTED.

2. The Court finds that the proposed settlement with the PVS Defendants, as set forth in the Settlement Agreement with Class Plaintiffs, and subject to final determination following a hearing after notice to members of the Class, is sufficiently fair, reasonable and adequate to authorize dissemination of notice of the proposed settlement to the Class.

3. The Court approves the establishment of the escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to I.R.C. § 468B and the Treasury Regulations promulgated thereunder. Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for payment of notice, taxes and related expenses.

4. The Court approves the Notice and Claim Form annexed to Plaintiffs' motion (as modified in open Court on July 18, 2013), and directs that they be sent by First-Class Mail to Class members.

5. Pursuant to the Settlement Agreement, an electronic copy of the Notice and the Claim Form shall be maintained on the website of the claims administrator.

6. Notices were individually mailed to Class members in September 2006 relating to the settlement with E.I. DuPont de Nemours and Company and again in July 2007, following the litigation class certification Order. Because both of these notices provided Class members with the opportunity to exclude themselves from a Class, the PVS Settlement Notice does not require a further opportunity for exclusion.

7. The Court sets the following timetable:

A. On or before **August 6, 2013** , individual Notice and a Claim Form will be mailed to all Class members by First-Class Mail, and all required documents will be mailed to each federal and state official required to be served under 28 U.S.C. § 1715;

B. On or before **September 9, 2013**, Class Counsel shall file their request for partial reimbursement of litigation costs and expenses and for service awards to the Class representatives;

C. On or before **October 15, 2013**, Class members must serve and file any objections to the proposed PVS settlement, to the request for partial reimbursement of litigation costs and expenses, or to the service awards to the Class representatives. Any Class member that intends to appear at the final fairness hearing must follow the procedure set forth in the Class Notice.

  D. On or before **October 15, 2013**, Class members who desire to participate in the settlement must postmark and mail their completed claim forms.

  E. **November 5, 2013** is the last date for any federal or state official that received notice under 28 U.S.C. § 1715 to comment upon or lodge objections to the settlement or dismissal of the PVS Defendants;

  8. The Court approves the use of up to $50,000 from the PVS settlement funds for reasonable expenses associated with the preparation, printing and mailing of the Notice and Claim Form as required by Paragraph 4 above and for administration of the settlement fund.

  9. The Court will hold a hearing on **November 26, 2013, at 10:00 a.m**, in Courtroom 2141 at the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, to determine whether the proposed PVS settlement is fair, reasonable and adequate and should be approved by the Court, and whether the requests for partial reimbursement of litigation costs and expenses and service awards to the Class representatives to be paid from the settlement funds should be granted. Any Class member who follows the procedure set forth in the Notice may appear and be heard at the Hearing. The Hearing may be continued without further notice.

  10. On or before **November 12, 2013**, Class Counsel shall file and serve an affidavit or declaration of the person under whose general direction the mailing of the Notice and the Claim Form was made, showing that the mailing was made in accordance with this Order. A declaration or affidavit certifying timely compliance with 28 U.S.C. § 1715 is also due at this time. The Claims Administrator, who shall be retained by Class Counsel, shall maintain accurate records of the Class members to whom the Notice and the Claim Form was sent by

First-Class Mail, and of any mailed Notices and Claim Forms that were returned as undeliverable.

    11.    All papers in support of final approval of the PVS settlement shall be filed no later than **November 12, 2013**.

Date:

7/23/13

Entered:

*James F. Holderman*

JAMES F. HOLDERMAN
District Judge
United States District Court
Northern District of Illinois